JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **EDCV 14-1458-MWF (DTB)**          Date:  **December 8, 2015**
Title:    Marcos Melchor, et al. -*v*- Arch Bay Holdings, et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Cheryl Wynn | None Present |
| Relief Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                               None Present

PROCEEDINGS (IN CHAMBERS):  ORDER RE: PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [35]

Before the Court is Plaintiffs Marcos Melchor and Teresa Melchor's Response to the Court's most recent Order to Show Cause issued on November 17, 2015.  (Response, Docket No. 35).

Plaintiffs' Complaint was filed on July 16, 2014, over one year ago.  (*See generally* Complaint, Docket No. 1).  After the initial filing, Plaintiffs failed to request a summons and effect service on Defendants for nearly a year.  On April 8, 2015, the Court issued an Order to Show Cause Re: Dismissal for Lack of Prosecution.  (Docket No. 8).  Plaintiffs requested the Clerk to issue the summons on April 20, 2015 (Docket No. 9), but then continued to stand by idly for another month, until the Court issued another Order to Show Cause Re: Dismissal for Lack of Prosecution on May 8, 2015.  (Docket No. 11).  Again, at the Court's prodding, Plaintiffs filed proofs of service on May 21, 2015.  (Docket Nos. 13–14).

The case again went silent, until the Court issued a third Order to Show Cause Re: Lack of Prosecution on July 1, 2015, indicating that the Order would be discharged if Plaintiffs voluntarily dismissed the action or filed an Application for Default with the Clerk.  (Docket No. 16).  Plaintiffs filed deficient Applications for Default on July 13, 2015 (Docket Nos. 17–18), which again prompted the Court to issue yet another Order to Show Cause Re: Lack of Prosecution on July 29, 2015, after Plaintiffs failed to remedy the deficient applications (Docket No. 22).  After

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **EDCV 14-1458-MWF (DTB)** | Date: **December 8, 2015** |
| Title: Marcos Melchor, et al. -v- Arch Bay Holdings, et al. | |

perfecting the applications, the Clerk entered default against Defendants on August 31, 2015. (Docket No. 27). The Court issued an Order to Show Cause Re: Default Judgment on September 1, 2015, indicating that the Order would be discharged if Plaintiffs file a Motion for Default Judgment by October 5, 2015. (Docket No. 28). Plaintiffs filed a deficient Motion for Default Judgment on October 5, 2015 (Docket No. 29), and a perfected but untimely Motion for Default Judgment on October 7, 2015, with a noticed hearing date scheduled for November 16, 2015 at 10:00 a.m. (Docket No. 32).

On November 16, 2015, this case was called, but counsel for neither party appeared. On November 17, 2015, the Court issued a fifth Order to Show Cause ("OSC") requiring Plaintiffs to show cause by no later than November 30, 2015, explaining why this action should not be dismissed for (1) lack of prosecution; (2) lack of personal jurisdiction over each Defendant; and (3) lack of joinder of all indispensable parties. (OSC, Docket No. 34). On November 30, 2015, Plaintiffs filed a timely Response. (Docket No. 35).

Having reviewed Plaintiffs' Response, the Court concludes that the Response does not adequately address the concerns outlined in the Court's OSC, and Plaintiffs have thus failed to discharge their responsibilities under the OSC.

Plaintiffs' counsel submitted a declaration explaining that Plaintiffs' counsel failed to appear at the hearing on Plaintiffs' Motion for Default Judgment because of a calendaring error by members of his staff. (Response at 1). But with regard to the Court's concerns about lack of personal jurisdiction over each Defendant and lack of joinder of all indispensable parties, Plaintiffs failed to adequately comply with the Court's OSC. For example, the Court ordered Plaintiffs to show cause as why "the Court has personal jurisdiction over each Defendant." (OSC at 5). In addition, the Court required Plaintiffs' analysis to "address whether the Court has personal jurisdiction over defunct corporations such as Regional Trustee." (*Id.*). Plaintiffs' Response is silent as to the Court's personal jurisdiction over Defendant Mortgage Electronic Registration, and Plaintiffs do not attempt any analysis regarding the Court's personal jurisdiction over Regional Trustee ***as a defunct corporation***. (*See generally* Response).

---

**CIVIL MINUTES—GENERAL** 2

JS-6
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **EDCV 14-1458-MWF (DTB)** | Date:  **December 8, 2015** |
| Title:     Marcos Melchor, et al. -v- Arch Bay Holdings, et al. | |

Furthermore, the Court ordered Plaintiffs to show cause as to why "Land America and Fidelity National are not indispensable and necessary parties to this lawsuit under Rule 19(a)." (OSC at 5). Plaintiffs' Response states that Land America and Fidelity National have, "based upon a total lack of information and belief, NOT acted or failed to act such that any liability attached to such action or inaction." (Response at 5–6). However, although Land America and Fidelity National may not have acted in any way to create liability to Plaintiffs, Plaintiffs fail to address the Court's concern that, absent Land America and Fidelity National's presence in this lawsuit, the Court "cannot accord complete relief among the existing parties." Fed. R. Civ. P. 19(a)(1)(A). As the Court discussed in the OSC, "[i]t is unclear what interest Fidelity National holds in the Deed of Trust as the purchaser of the original trustee." (OSC at 8). "Until Plaintiffs pay off the loan, the trustee, or any successor trustee, presumably holds the title in trust." (*Id.*). Therefore, it is unclear that the Court can adjudicate Plaintiffs' request for quiet title in the absence of the original trustee (Land America) or successor trustee (Fidelity National). As Plaintiffs acknowledge, these parties "may or may not still possess an interest (in whole or in part) in the Note." (*Id.*).

This case has continued to languish on the Court's docket for nearly one-and-one-half years, as Plaintiffs continue to do the bare minimum, each time at the Court's prodding, to prevent dismissal. It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **EDCV 14-1458-MWF (DTB)**               Date:  **December 8, 2015**
Title:       Marcos Melchor, et al. -v- Arch Bay Holdings, et al.

sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiffs have continuously dragged their feet in moving this case forward, and Plaintiffs have also blatantly disregarded the Court's explicit instructions to address certain concerns in the OSC.  Given that this case cannot move forward to resolution in the absence of Plaintiffs overcoming the issues concerning personal jurisdiction and joinder, Plaintiffs' conduct hinders the Court's ability to move this case toward disposition, and indicates that Plaintiffs do not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452–53. That presumption may be rebutted where a plaintiff proffers an excuse for delay.  Plaintiffs have failed to come forward with any excuse or reason for delay.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiffs have not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiffs' failure to prosecute and failure to comply with orders of the Court.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal.  The Court has attempted to avoid outright dismissal of this action on five separate occasions by issuing Orders to Show Cause and providing Plaintiffs an opportunity to explain why this matter should not be dismissed.  Plaintiffs failed to adequately comply with the Court's most recent OSC, despite the Court's explicit warning that Plaintiffs' "[f]ailure to adequately address these issues will

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **EDCV 14-1458-MWF (DTB)** | Date: **December 8, 2015** |
| Title: Marcos Melchor, et al. -v- Arch Bay Holdings, et al. | |

result in dismissal of this action with prejudice." (OSC at 9). *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

    Taking all of the above factors into account, dismissal for failure to prosecute and failure to comply with court orders is appropriate. Such a dismissal, however, should not be entered unless Plaintiffs have been notified that dismissal is imminent. In this case, Plaintiffs have been cautioned multiple times about the possibility of dismissal in the OSC as well as previous Orders to Show Cause dated July 1, 2015, and July 29, 2015. (Docket Nos. 16, 22).

    **IT IS HEREBY ORDERED** that this action be **DISMISSED with prejudice** for failure to prosecute and failure to comply with court orders. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.

    IT IS SO ORDERED.